Thomas **PETRILLO,** Plaintiff–Counter–Defendant–Appellant,

v.

**TOWN OF TONAWANDA, New York, Brad Rowles, individually and as Superintendant of the Town of Tonawanda Highway Department, Louis J. Kresge, individually and as Deputy Superintendant of the Town of Tonawanda Highway Department, David Krotz, individually and as Superintendant of the Town of Tonawanda Highway Department, Defendants–Counterclaimants–Appellees.**[1]

No. 08–2135–cv.

United States Court of Appeals, Second Circuit.

June 16, 2009.

David J. Seeger, Buffalo, NY, for Plaintiff–Counter–Defendant–Appellant.

James J. Rooney, Bond, Schoeneck & King, PLLC, Buffalo, NY, For Defendants–Counterclaimants–Appellees.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

1. We direct the Clerk of court to amend the caption as noted.

70

## SUMMARY ORDER

Plaintiff–Counter–Defendant–Appellant Thomas Petrillo appeals from the judgment of the United States District Court for the Western District of New York (Skretny, *J.* ) dismissing on summary judgment his lawsuit, brought pursuant to 42 U.S.C. § 1983, against the Town of Tonawanda, New York; Brad Rowles, Superintendant of the Tonawanda Highway Department during the relevant period; Louis Kresge, Deputy Superintendant of the Tonawanda Highway Department during the relevant period; and David Krotz, General Foreman in the Tonawanda Highway Department during the relevant period (collectively, "Defendants"), for, *inter alia,* violation of Petrillo's constitutional right to due process of law. The District Court concluded that, while Petrillo had a protected property interest in his continued employment and was therefore owed pre-termination notice and opportunity to be heard, Petrillo "was provided with adequate notice, and was afforded multiple opportunities to be heard." We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

In general, "[i]n order to prevail on a due process claim, a claimant must [1] identify a constitutionally protected property ... interest and [2] demonstrate that the government has deprived that party of the interest without due process of law." *Weinstein v. Albright,* 261 F.3d 127, 134 (2d Cir.2001). Due process is not so mechanical, however, and—in some cases— we may find that further process would be mere "empty formality." *O'Connor v. Pierson,* 426 F.3d 187, 198 (2d Cir.2005) (internal quotation marks omitted).

This case presents such an exceptional circumstance. Defendants failed to notify Petrillo about one, subsidiary, reason for his termination—the Gallagher incident—

and this was erroneous. In this instance, however, we are confident that this error was harmless and this process would entail nothing more than an "empty formality" because the record evidence establishes that Petrillo's employment would have been terminated even if the Gallagher incident had never occurred. We therefore decline to remand on this basis.

We have considered all of Petrillo's remaining claims and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.